FARMER, etc. v. RICHMOND et.

Ohio Appeals, 9th Dist., Lorain Co.

No. 473. Decided Oct. 12, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

TRIAL.

(590 C3) One who has allowed suit to be brought in his name as next friend of minor, may, upon minor's becoming of age before termination of litigation, ask trial court to relieve him from liability for costs. Not inequitable or unjust to allow him to remain liable for costs of suit which he started and from which liability he did not take steps to be relieved.

Error to Common Pleas.

Judgment affirmed.

F. M. Stevens and C. J. Maple, Elyria, for Farmer, etc.

Baird, Vandemark & Butler, Elyria, for Richmond et.

### STATEMENT OF FACTS.

On the 17th of October, 1924, Adelaide Farmer, who was an infant at that time, filed an action at law in the Court of Common Pleas of said county, by George M. Parker, her next friend, and made W. B. Richmond and others, as members of the board of county commissioners of Lorain County, Ohio, defendants. Before the case came on for trial, said Adelaide Farmer became of full age, but the suit was prosecuted as originally started, and was submitted to the jury upon the evidence offered by said plaintiff.

The case was then submitted to a jury upon the plaintiff's and defendant's evidence and the charge of the court, and the jury returned a verdict in favor of said defendants, and a judgment was entered upon said verdict.

Subsequently an execution was issued for costs, and it was returned by the sheriff unsatisfied because a motion to retax the costs had been filed by said George M. Parker, the next friend, the sheriff having attempted to recover the costs from him. Upon the hearing of said motion, the trial court took evidence thereon, and at the conclusion of said hearing overruled said motion, and the case is here to reverse the ruling of said court thereon.

PER CURIAM.

The evidence shows that Adelaide Farmer became of age on Nov. 21, 1925, which was before the first case was tried. From the time the suit was started until the time it was fully completed, no effort was made by the said George M. Parker to be relieved from the liability for costs which was cast upon him by Sec. 11248 of the General Code of Ohio. Ade-laide Farmer was a non-resident of the county, and after she became of age, Mr. Parker could have asked the trial court to relieve him from the liability which was cast upon him at the time he filed the suit for her, and it would then have been the duty of said Adelaide Farmer to give security for costs, if ordered to do so by the trial court. No effort was made by Mr. Parker to be relieved of this obligation, but on the contrary he permitted said suit to be prosecuted and the cost in connection therewith to be made.

The same civil code which gave him the right to volunteer as the next friend of Adelaide Farmer and start the suit, also cast the burden upon him to be responsible for the costs incurred in said suit. The same civil code also gives to the trial court the right to retax the costs and to divide them as the court thinks just and proper.

The court in this case, after hearing the evidence, decided that it was not inequitable and unjust to allow Mr. Parker to remain liable for the costs of the suit which he started, and from which liability he did not take any steps to be relieved after said Adelaide Farmer became of age and before the termination of the litigation.

The only reason why we would be justified in reversing or modifying the judgment of the trial court would be on the theory that the trial court abused its discretion in not retaxing the costs as prayed for by said Parker, and this we are unable to do. We are supported in this position by the case of Brown v. Bray, 16 C. C. (N. S.) 165.

The judgment of the trial court in refusing to retax the costs will therefore be affirmed.

(Washburn, PJ., Funk and Pardee, JJ., concur.)